# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:N21C-09-137 ASB |
| v. | ) | |
| | ) | |
| **ATLANTIC PLANT MAINTENANCE,** | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: June 16, 2023
Decided: June 29, 2023

## OPINION AND ORDER

*On Plaintiffs' Rule 59(e) Motion for Reargument and/or*
*Reconsideration of the Decision on Motion for Summary Judgment*

### DENIED

*Raeann Warner, Esquire,* Jacobs & Crumplar, P.A., Delaware, *Attorney for Plaintiff.*

*Allison Texter, Swart, Campbell, LLC., Attorney for Defendant*

**Jones, J.**

Jeffery Saunders has filed an action against a number of Defendants alleging that he was exposed to asbestos containing products and as a result of that exposure has sustained injuries. One of the Defendants sued is Atlantic Plant Management ("APM") who moved for summary judgment on the grounds that Mr. Saunders claim is barred by the exclusivity provision of the Delaware workman's compensation statute. In a June 6, 2023 oral ruling, this Court granted APM's motion, finding that Delaware law applied to plaintiff's claim and plaintiff's claim was barred by the exclusive remedy provision of the Delaware Workman's compensation statute. This Motion for Reargument filed by the plaintiff follows.

Mr. Saunders worked out of the Delaware Carpenters Millwright Union for 22 years beginning in 1996. One of the places that Mr. Saunders worked from this Union was at the Eddystone powerhouse in Eddystone, Pennsylvania. He worked at Eddystone in 2001, 2009, and 2010. While he worked at Eddystone his employer was APM.

APM maintains that Mr. Saunders claims are governed by Delaware law and therefore, under the Exclusivity provision of the Delaware Workman's compensation statute, his claims are barred. Saunders maintains that the claims against APM are governed by Pennsylvania law, and under Pennsylvania law his claims are not barred by that state's workman's compensation statute. If Mr. Saunders' claims are controlled by Delaware law than his claims against APM are barred. Similarly if his claims are governed by Pennsylvania law, then his claims are

not barred by the exclusivity remedy provision of the Pennsylvania workman's compensation statute based on the Pennsylvania Supreme Court's decision in *Tooey v. AK Steel Corp.*[1]

Delaware's traditional approach to determining the law applicable to an asbestos case where exposure occurred in multiple jurisdictions is to determine where the greatest exposure occurred. That jurisdiction's law will control. If that is not feasible, or if the record is unclear, then the court will apply the law of the state in which the disease first manifested itself. If that is too unclear, in the alternative where the disease was diagnosed has the most significant relationship.[2]  In this case, the parties agree that if the *Petroski* test controls, then Delaware law applies.  That is undoubtedly because Plaintiff's discovery responses, work history, and testimony indicate that his claimed employment from 1983 to 2007 is almost exclusively in Delaware. His household exposure is in Delaware and his diagnosis and treatment has been in Delaware. Under the restatement, Delaware has the most significant relationship to this case.

Plaintiff urges this Court not to apply the *Petroski* test to the instant dispute, but to apply the doctrine of Depecage. Depecage is the concept that laws of different states may be applied to different portions of a case. In a sense, Depecage has been used in asbestos cases where part of a person's exposure is governed by Maritime

---

[1] 81 A.3d 851 (2013).
[2] *James Petroski* N10C-11-39 (6/23/12 Parkins).

law and part by state law. The maritime claims are based on maritime law and the land-based claims are based on state law which is determined by the *Petroski* test. The Court has consistently applied the *Petroski* test. The Court is not willing to depart from that test where the issue is what state law should apply to land exposure.[3]

Plaintiff next maintains that *DelPizzo v. Agilent Technologies*[4] compels a conclusion that Pennsylvania law applies to this case. *Delpizzo* involved a worker who had asbestos exposure both in Delaware and out of state. The question in *Delpizzo* was which workman's compensation carrier was on the risk in light of Delaware's well settled last injurious exposure rule. The *Delpizzo* court ruled that given the last injurious exposure rule and the joint purposes of the workman's compensation exclusivity provision to provide benefits to workers promptly and to make it clear what risk employers faced from workers injuries that the last Delaware carrier on the risk would be responsible for all workman's compensation claims, even those out of state. In this case, Mr. Saunders had available to him workman's compensation benefits for all of his exposure given the invisible nature of his injuries that exposure, included his exposure at AMP. Given that he had workman's compensation benefits available to him for all of his exposure, in my view the workman's compensation bar would apply to all employment including the out of state employment. To rule otherwise would frustrate the dual purposes of the act.

---

[3] Nothing in this decision today should be interpreted to mean that the Court will not apply two separate sets of laws to exposure where some of that exposure is land based and some is based on maritime law.

[4] 2004 WL 2827906, (Del. Super., 2004).

Against this background, I now turn to Plaintiff's Motion for Reargument. This Court's standard for considering Motions for Reargument is well settled. The Court will only grant reargument when it has overlooked controlling precedent or legal principles, or misapprehend the law or facts in a way that would have changed the outcome of the underlying decision.[5] Reargument is not an opportunity for a party to revisit arguments already decided by the Court.[6]

Plaintiff, in his Motion for Reargument again relies on *DelPizzo v. Agilent Technologies* and maintains that the Court has misconstrued the holding in *Delpizzo*. The Court is satisfied that upon further review it has not misapplied the holding in *Delpizzo*. Plaintiff next maintains that the Court misconstrued the facts in its decision regarding the existence of crossclaims and their impact on the analysis. In the oral ruing the Court noted that the existence of crossclaims and issues of apportionment of fault involving settled parties continued to have an impact on the choice of law question. The Court ruled that the claims against those entities that are on the verdict sheet for apportionment purposes claims would be controlled by Delaware law since the parties had agreed to that in an earlier filing in this case.[7] Plaintiff maintains that the only defendant left is APM

---

[5] *See Peters ex rel. Peters v. Texas Instruments, Inc.*, 2012 WL 1622396, at *1 (Del. Super. May 7, 2012), *aff'd*, 58 A.3d 414 (Del. 2013), as revised (Jan. 9, 2013).

[6] *See id.*

[7] The procedure in asbestos cases in this jurisdiction is for an early determination to be made on the law that governs the case. The reason for this procedure is for the parties to know, prior to the initiation of discovery, the applicable law so that both the parties, and the court can apply it as the case proceeds. In this case that procedure was followed and an Order was entered indicating that Delaware law controls. At least one prior judge of this Court has indicated in a similar circumstance that once the determination of law is made it should not be changed. *In Re: Asbestos Litigation 022011DB Trial Group,* Del. Super., (Oct. 21, 2010). While this judicial officer will not follow that

and therefore there will be no cross claim issue. The fact that APM is the only defendant left does not mean that there cannot be apportionment against other parties if a case can be proven against the other parties.

In the motion for argument plaintiff has cited to the Court for the first time the decision in *In Re: Asbestos: Allan Kapp,*[8] In *Kapp*, the plaintiff had extensive occupational exposure to asbestos in Delaware and extensive nonoccupational exposure in Maryland. This Court's Master allowed Maryland law to apply to the nonoccupational exposure and Delaware law to the occupational exposure at the summary judgment stage. In his decision he concluded that applying the law of two jurisdictions was appropriate because only two jurisdictions were involved, confusion would not be caused at the summary judgment stage and because the plaintiff had a prior asbestos case where Delaware law applied to the occupational exposure it should apply in the instant case. The Court is not persuaded that *Kapp* should control over *Petroski*. *Petroski* involves an analysis that takes into account all factors including trial issues and *Kapp* does not. Moreover, *Kapp* involved a plaintiff who had had a prior asbestos claim where it was determined that Delaware law would apply. I decline to follow the *Kapp* decision and will continue to follow *Petroski*. The *Petroski* analysis leads to a

blanket rule, in only the rare case would, in this judge's mind, justify a departure from enforcing a prior order determining the law to be applied in a given case where the application comes at the summary judgment stage.
[8] C.A.12C-02-265.

6

conclusion that Delaware is the law applicable to this case and as such, plaintiff's claim is barred by Delaware's exclusivity provision.

For the above reasons, Defendant's Motion for Reargument is **DENIED**.

**IT IS SO ORDERED**.

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge


cc:    Original to Prothonotary